
COPPER CANYON LAW

*43 E. 1ˢᵗ Avenue*
*Mesa, Arizona 85210*
*Office: (480) 833-3838*
*www.coppercanyonlaw.com*
**For Court Use Only: docketing@coppercanyonlaw.com**
Thomas L. Brown (031017)
Thomas@coppercanyonlaw.com
*Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Johnathan Schaupp, an individual,<br><br>          Plaintiff,<br><br>vs.<br><br>City of Casa Grande Fire Department, a political subdivision of the State of Arizona.<br><br>          Defendant. | Case No.<br><br><br>**COMPLAINT** |

Plaintiff, Jonathan Schaupp, by and through undersigned counsel, hereby alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Jonathan Schaupp ("Plaintiff" or "Schaupp") was at all times relevant herein a resident of Maricopa County, Arizona.

2.      Defendant City of Casa Grande Fire Department ("CGFD") is a political subdivision of the State of Arizona and at all times relevant herein, held its principal place of business in Pinal County, State of Arizona.

3.      Plaintiff was at all times relevant herein an employee of CGFD.

4.     Plaintiff was at all times relevant herein working at CGFD located in Casa Grande, Arizona.

5.     All acts, agreements, and contracts hereinafter alleged were to be substantially performed, and completed in Casa Grande, Arizona.

6.     All the named Defendants herein, and below-named employees or agents of Defendants, are intended to represent individuals acting either in their individual capacities, or as agents, representatives, directors, shareholders, or employees duly authorized and were acting within their employment with regards to the transactions hereinafter alleged.

7.     Jurisdiction and venue pursuant to 42 U.S.C. § 2000e-5(f)(3) are appropriate in this Court.

## GENERAL ALLEGATIONS

8.     Plaintiff applied to work as a firefighter for CGFD and was hired by CGFD on or around August 19, 2019.

9.     As required as part of his work duties, Plaintiff attended the firefighter academy and graduated around the beginning of December 2019.

10.    Plaintiff is a disabled veteran and suffers from depression, bi-polar disorder, and anxiety, which are service-connected disabilities.

11.    Plaintiff takes prescription medication to aid his mental health issues.

12.    CGFD was aware of Plaintiff's disabilities and the prescription medications he was required to take but did not offer any accommodations and did not even offer to have a discussion regarding Plaintiff's possible needs.

13.     After graduation in or around early December 2019, Plaintiff was placed on rotation among four stations.

14.     Plaintiff's rotation started at Station 501 where he was stationed for three months.

15.     During his time at Station 501, Plaintiff was subjected to a variety of hazing and harassing behavior and treatment.

16.     In one instance, Plaintiff's fellow firefights drew a phallic image on Plaintiff's driver's license, which they found in Plaintiff's wallet that was in his room.

17.     Plaintiff also had to deal with a senior officer who called Plaintiff a "clit" because he believed Plaintiff was too sensitive.

18.     Another example of the harassing behavior and treatment is a senior officer at Station 501 who ridiculed Plaintiff about his sex life with his wife.

19.     Plaintiff notified his Captain about these issues and the consistent sexual harassment he was subject to while working at Station 501.

20.     Plaintiff's concerns were not address.  Instead, he was asked to drop these issues after he told his Captain about them.

21.     CGFD's culture was not open to reporting issues to Human Resources and discouraged individuals, including Plaintiff, from reporting the issues to CGFD Human Resources.

22.     In fact, Plaintiff was reprimanded by a fellow firefighter about going directly to the Captain about the issues and was told to first discuss matters with a senior firefighter in order to prevent breach of the chain of command.

23.     Plaintiff completed his time at Station 501 and completed rotations with two other stations.

24.     Plaintiff had no issues at the other rotations like those he experienced at Station 501 and successfully completed his work at the other rotations.

25.     Plaintiff's fourth and final station was back to Station 501.

26.     Upon Plaintiff's return to Station 501, the hazing and harassment he previously endured resumed.

27.     In or around November 2020, Plaintiff approached his senior officer to discuss these continuing issues.

28.     On or about November 25, 2020, a senior firefighter, J.C. Holliday, who had perpetrated much of the harassment threatened to fight Plaintiff due to a simple misunderstanding regarding a matter not directly related to work.

29.     These actions by the senior firefighter were completely unprovoked by Plaintiff and Plaintiff appropriately responded to the senior firefighter.

30.     That same day, Plaintiff had informed Holliday and William Stevenson that something seemed off with his medications.  No action was taken by CGFD to assist Plaintiff with this issue.

31.     Even though Plaintiff did nothing wrong, this incident was used as a rationale to extend Plaintiff's probation and give management further opportunity to terminate Plaintiff before he was off probation.

32.     After the November 25, 2020 incident, Plaintiff informed his Captain, acting battalion chief, and the acting assistant chief that his mental health provider had adjusted

4

his medications and something seemed off and he was seeing a counselor to try to understand what was going on.

33.     At no point were any accommodations offered and at no point did CGFD engage in the interactive process as required under ADA.

34.     In or around December 2020, a radio went missing, by no fault of Plaintiff, while Plaintiff was assigned to an ambulance with a fellow firefighter, Mr. Jose Serrano.

35.     During the investigation for the missing radio, a Captain informed Plaintiff that he would not be terminated due to the lost radio.

36.     During the investigation for the missing radio, Plaintiff was never asked any questions through the investigation process regarding the issue.

37.     Plaintiff continued to be harassed and subject to a hostile work environment due to his reports of sexual harassment.

38.     Upon information and belief, Plaintiff's managers wanted to terminate Plaintiff due to his reports of sexual harassment.

39.     After the investigation, Plaintiff was incorrectly blamed for the loss of the radio and was disciplined for that baseless allegation.

40.     Upon information and belief, the actions taken against Plaintiff were due to his reports of discrimination and harassment.

41.     In or around January 2021, CGFD terminated Plaintiff's employment.

## COUNT ONE
## VIOLATION OF AMERICAN WITH DISABILITIES ACT

1

42.     Plaintiff incorporates by reference each and every allegation contained in the

2

preceding paragraphs as though fully set forth herein.

3

43.     Under 42 U.S.C. § 12112(a), the Americans with Disabilities Act ("ADA")

4

prohibits employers from discriminating against employees on the basis of a disability.

5

44.     Plaintiff disclosed his mental health issues to the CGFD; thus, CGFD had

6

knowledge about his psychiatric disability.

7

45.     Plaintiff is disabled within the meaning of the ADA.

8

46.     Defendant never engaged in the interactive process with Plaintiff as required

9

under the ADA.

10

47.     CGFD was aware of the discriminatory conduct Plaintiff was facing and did

11

nothing about it when Plaintiff addressed the issues with the Captain and senior officers.

12

48.     Ultimately, the discriminatory acts resulted in Plaintiff's termination.

13

49.     These continued actions have caused severe emotional distress and financial

14

hardship in amounts to be proven at trial.

15

**COUNT TWO**
**TITLE VII – DISCRIMINATION**

16

50.     Plaintiff incorporates by reference each and every allegation contained in the

17

preceding paragraphs as though fully set forth herein.

18

51.     Plaintiff is a member of a protected class.

19

52.     Plaintiff's supervisors made unwelcome and unwanted sexual comments to

20

Plaintiff because of his sex.

21

22

6

53.     Although Plaintiff's supervisors were repeatedly made aware of unwelcome and unwanted sexual comments actions towards Plaintiff, no action was taken to stop the comments and actions.

54.     These actions were sufficiently severe or pervasive to alter the terms, conditions, and privileges of employment, and to create an abusive, intimidating, hostile, and offensive working environment for Plaintiff.

55.     These comments and actions by Plaintiff's supervisors and coworkers constitute sexual harassment in violation of Title VII of the Civil Rights Act of 1964 ("Title VII").

56.     These continued actions have caused severe emotional distress and financial hardship in amounts to be proven at trial.

## COUNT THREE
## TITLE VII – RETALIATION

57.     Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as though fully set forth herein.

58.     Following the onset of the targeting and discriminatory actions as set forth above, Plaintiff reported these actions to his Captain and senior officers.

59.     Plaintiff's Captain and senior officers made it clear that they were more concerned with the chain of command rather than remedying the discrimination that was recurring at Station 501.

60.     Plaintiff's Captain and senior officers took no measures to remedy the discriminatory behaviors of Plaintiff's fellow firefighters.

61.     After reporting and attempting to report the discrimination and harassment against Plaintiff, the harassment increased and the retaliation ultimately led to the termination of Plaintiff by Defendant.

62.     CGFD, through its agents, have engaged in unlawful retaliatory actions in violation of Title VII.

63.     These continued actions have caused severe emotional distress and financial hardship in amounts to be proven at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A.     For all damages as permitted by law including but not limited to front and back pay damages, emotional distress damages, liquidated damages, and any other damages allowed by law.

B.     For interest at the highest rate allowed by law from the earliest time permitted by law until the judgment is paid in full;

C.     For attorneys' fees and costs as provided by law or by statute;

D.     For prejudgment and post-judgment interest in the highest amount allowed by law; and,

For such other and further relief as may be just and proper in law and equity.

RESPECTFULLY SUBMITTED this 14th day of October, 2021.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**COPPER CANYON LAW, LLC**

*/s/ Thomas L. Brown*
Thomas Brown
43 East 1st Ave
Mesa, AZ  85210
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2021, I electronically transmitted the attached document to the Clerk's office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF Registrant:

*/s/ Carolyn Button*